IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

AMINE MAKSI,

    Plaintiff,

v.

ROUTE RIDERS CO, INC.;
ROUTE RIDER CO, LLC
PRAVEEN RAO, individually, and in his official corporate capacity; and
ANU SINGH, individually, and in her official corporate capacity,

    Defendants.

---

## COMPLAINT

---

Plaintiff, Amine Maksi ("Plaintiff"), sues the Defendants, Route Riders CO, Inc.; Route Rider CO, LLC; Praveen Rao, and Anu Singh ("Defendants" or "Route Riders") and alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Colorado Minimum Wage Act ("CMWA"), Colorado Revised Statutes ("CRS") Title 8, Article 6; and the Colorado Wage Act ("CWA"), CRS § 8-4-101, et seq. for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2.  The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450

U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3. The CMWA, C.R.S. Title 8, Article 6 establishes the law regarding minimum wage within the State of Colorado.

4. The CWA, CRS § 8-4-101, et seq. establishes the law regarding the payment of wages within the State of Colorado.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Colorado, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Jefferson County, Colorado, and is a former employee of Defendants.

8. At all material times, Defendant Route Riders CO, Inc. is a corporation licensed to transact business in the State of Colorado. At all material times, Defendant Route Riders CO, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Denver County, Colorado.

9. At all material times, Defendant Route Riders CO, Inc. does business as "Route Riders."

10. At all relevant times, Defendant Route Riders CO, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Route Riders CO, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Route Riders CO, Inc. is subject to liability under the FLSA.

11. At all material times, Defendant Route Rider CO, LLC is a limited liability company licensed to transact business in the State of Colorado. At all material times, Defendant Route Rider CO, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Denver County, Colorado.

12. At all material times, Defendant Route Rider CO, LLC does business as "Route Riders."

13. At all relevant times, Defendant Route Rider CO, LLC was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Route Rider CO, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Route Rider CO, LLC is subject to liability under the FLSA.

14. Defendant Praveen Rao is an owner of Route Riders and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

15. Under the FLSA, Defendant Praveen Rao is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Praveen Rao is an owner of Route Riders. At all relevant times, he had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Praveen Rao is subject to individual liability under the FLSA.

16. Defendant Anu Singh is an owner of Route Riders and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

17. Under the FLSA, Defendant Anu Singh is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Anu Singh is an owner of Route Riders. At all relevant times, she had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Anu Singh is subject to individual liability under the FLSA.

18. At all material times, Defendants Route Riders CO, Inc. and Route Rider CO, LLC are "employers" as defined by The CMWA, C.R.S. Title 8, Article 6.

19. At all material times, Defendants Route Riders CO, Inc. and Route Rider CO, LLC are Plaintiff's "employer" as defined by the CWA, CRS § 8-4-101, et seq.

20. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

21. Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

22. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

23. At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

24. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

25. Defendants own and/or operate as Route Riders, an enterprise located in Denver County, Colorado.

26. Plaintiff was hired by Defendants and worked for Defendants between February 16, 2020 and February 29, 2020.

27. Defendants, in their sole discretion, agreed to pay Plaintiff $160 per day, regardless of the number of hours he worked.

28. Plaintiff worked for approximately two weeks for Defendants.

29. During Plaintiff's employment with Defendants, he worked approximately ten shifts consisting of between eight and 12 hours per shift.

30. Defendants paid Plaintiff no wages whatsoever for the entire duration of the final two-week pay period of his employment.

31. As a result of not having paid any wage whatsoever to Plaintiff for the final two-week pay period of his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

32. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

33. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

34. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the CMWA, C.R.S. Title 8, Article 6.

35. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the CWA, CRS § 8-4-101, et seq.

36. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

37. Defendants have and continue to violate the CMWA, C.R.S. Title 8, Article 6 by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

38. Defendants have and continue to violate the CWA, CRS § 8-4-101, et seq.

39. by not paying Plaintiff any wage whatsoever for all hours worked during his regular workweeks.

40. Plaintiff is a covered employee within the meaning of the FLSA.

41. Plaintiff is a covered employee within the meaning of the CMWA, C.R.S. Title 8, Article 6.

42. Plaintiff is a covered employee within the meaning of the CWA, CRS § 8-4-101, et seq.

43. Plaintiff was a non-exempt employee.

44. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

45. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

46. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

47. Due to Defendants' Route Riders CO, Inc. and Route Rider CO, LLC illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and reasonable attorney's fees and costs of this action under the CMWA, C.R.S. Title 8, Article 6.

48. Due to Defendants' Route Riders CO, Inc. and Route Rider CO, LLC illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under the CWA, CRS § 8-4-101, et seq.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two-week pay period of his employment.

51. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

52. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Amine Maksi, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: COLORADO MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants Route Riders CO, Inc. and Route Rider CO, LLC willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two-week pay period of his employment.

55. Defendants' Route Riders CO, Inc. and Route Rider CO, LLC practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates The CMWA, C.R.S. Title 8, Article 6.

56. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Amine Maksi, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants Route Riders CO, Inc. and

Route Rider CO, LLC for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: COLORADO WAGE ACT
## FAILURE TO PAY WAGES OWED

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants Route Riders CO, Inc. and Route Rider CO, LLC willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two-week pay period of his employment.

59. Defendants' Route Riders CO, Inc. and Route Rider CO, LLC practice of willfully failing to pay Plaintiff wages for labor performed violates the CWA, CRS § 8-4-101, et seq.

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Amine Maksi, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants Route Riders CO, Inc. and Route Rider CO, LLC for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 27th day of March, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com